IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| K'IN WAY XI, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | No. 3:24-cv-299-B-BN |
| § | |
| BES KESSLER PARK FUND X11 LLC § | |
| d/b/a Axis Kessler Park, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In response to the Court's notice of deficiency, *see* Dkt. No. 8, Plaintiffs K'in Way Xi, George Gilmore, Glen Marion, and James Dawson filed a joint amended complaint *pro se*, raising claims of employment and housing discrimination based on race and color, *see* Dkt. No. 9 (citing Title VII, 42 U.S.C. § 1981, and the Fair Housing Act ("FHA")).

United States District Judge Jane J. Boyle referred Plaintiffs' lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 12.

Plaintiffs then moved to further amend their complaint, *see* Dkt. No. 16, and, as allowed by an order of the Court, *see* Dkt. No. 17, Plaintiffs supplemented that motion on June 3, 2024, *see* Dkt. Nos. 18-20.

The same day, Defendant BES Kessler Park Fund X11 LLC ("Kessler") moved to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. *See* Dkt. No. 21.

The parties briefed that motion. *See* Dkt. Nos. 22, 24, 25, & 32.

And, without obtaining leave, Plaintiffs filed an amended complaint on June 17, 2024, *see* Dkt. No. 26, a filing that Kessler moves to strike, *see* Dkt. No. 28; *see also* Dkt. Nos. 29.

Plaintiffs then moved for summary judgment, *see* Dkt. No. 27, a motion that Kessler also moves to strike, *see* Dkt. No. 30; *see also* Dkt. Nos. 31 & 33.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, while the Court should deny the motions to strike and for summary judgment, the Court should grant the motion to dismiss and enter judgment dismissing this lawsuit with prejudice.

## Legal Standards

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as

plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

Applying these general standards to this context, in part, "an employment discrimination case, the complaint need not contain specific facts establishing a prima facie case of discrimination under the framework set forth … in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (cleaned up).

"But a plaintiff is still required to plead sufficient facts *on all of the ultimate elements* of [each] claim." *Id.* (cleaned up; emphasis in original).

And, at this stage, "a plaintiff must plead two ultimate elements in order to support a disparate treatment claim: (1) an adverse employment action, (2) taken against a plaintiff because of a protected status." *Thomas v. Dall. Indep. Sch. Dist.*, No. 23-10882, 2024 WL 2874367, at *4 (5th Cir. June 7, 2024) (cleaned up; quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019)).

That is,

> [a] complaint need not allege each prong of the prima facie test for disparate treatment … ; to support a disparate treatment … , though, it

> must plausibly set out facts that the defendant took the adverse employment action against a plaintiff *because of* [a] protected status. [Accordingly, a] plaintiff must allege facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees [not of the plaintiff's protected status] more favorably.

*Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) (cleaned up; emphasis in original).

Similarly, if Plaintiffs assert claims of housing discrimination, the FHA makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person" – or "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith" – "because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a), (b).

"So, where a plaintiff fails to allege discrimination because of a protected class recognized by the FHA, the FHA claim is not plausible and should be dismissed under the applicable pleading standards." *Sauls v. City of Dall.*, No. 3:23-cv-677-E-BN, 2023 WL 4003294, at *2 (N.D. Tex. Apr. 5, 2023), *rec. accepted*, 2023 WL 4009859 (N.D. Tex. June 14, 2023); *see, e.g.*, *Crain v. City of Selma*, 952 F.3d 634, 640-41 (5th Cir. 2020) ("To make out a prima facie claim of disparate treatment under the FHA, [a plaintiff] must establish '(1) membership in [a] protected class, (2) that [he] applied and was qualified to rent or purchase housing[,] (3) that [he] was rejected, and (4) that the housing thereafter remained open to similarly situated applicants.'" (quoting *Inclusive Comms. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 910 (5th Cir. 2019);

footnote omitted)).

And, while the ultimate elements for a disparate treatment claim under Section 1981 mirror those for one under Title VII, "to prevail on a claim that the defendant violated § 1981, 'a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right.'" *Blash v. City of Hawkinsville*, 856 F. App'x 259, 264 n.3 (11th Cir. 2021) (per curiam) (quoting *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020)); *see also Williams v. Waste Mgmt., Inc.*, 818 F. App'x 315, 325 (5th Cir. 2020) (per curiam) ("Although similar in some respects to Title VII, 42 U.S.C. § 1981 requires plaintiff's showing but-for causation." (citation omitted)); *Ramirez v. Merritt*, No. SA-19-CV-00592-JKP-HJB, 2020 WL 13610413, at *4 (W.D. Tex. May 18, 2020) ("A plaintiff who sues under § 1981 must plead and prove the conduct was a 'but for' cause of his injury; 'while the materials the plaintiff can rely on to show causation may change as a lawsuit progresses from filing to judgment, the burden itself remains constant.'" (citation omitted)).

And, "[i]n [all these] context[s], '[a] court ... inappropriately heightens the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss.'" *Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *4 (5th Cir. Oct. 8, 2024) (per curiam) (quoting *Cicalese*, 924 F.3d at 767).

Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2).

Because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

### Analysis

To start, while Rule 15 "requires courts freely give leave to amend when justice so requires," *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (cleaned up), "a party may amend his pleading once as a matter of course." *Carmouche v. Hooper*, 77 F.4th 362, 368 (5th Cir. 2023) (citations omitted). But "[o]nce means once." *Logue v. Patient First Corp.*, 246 F. Supp. 3d 1124, 1127 (D. Md. 2017).

That said, a complaint filed in response to, or to comply with, a court's order is not an amendment made "as a matter of course." FED. R. CIV. P. 15(a)(1); *see Renasant Bank, Inc. v. Smithgall*, No. 1:15-CV-459-WSD, 2016 WL 164311, at *2 (N.D. Ga. Jan. 13, 2016) ("Because the First Amended Complaint was not filed by the Plaintiff as 'a matter of course' but upon the Order of the Court, the Court holds that Plaintiff's court-ordered First Amended Complaint did not qualify as Plaintiff's amendment allowed as a matter of course under Fed. R. Civ. P. 15."); *Srinivasan v. NCH Corp.*,

No. 3:23-cv-416-B-BK, 2023 WL 5350570, at *1 (N.D. Tex. Aug. 21, 2023) ("Rule 15(a)(1) applies here because Plaintiff's fourth amended complaint was filed in response to the court's last deficiency order. The court thus grants Plaintiff's request for leave to amend." (citing *Renasant Bank*, 2016 WL 164311, at *2)).

Here, Plaintiffs' history of amending their claims is admittedly confusing. But, when they filed their June 17 amended complaint, less than 21 days after Kessler filed its motion to dismiss (on June 3), that timely pleading counted as their one amendment as a matter of course under Rule 15(a)(1)(B). That is because Plaintiffs' first amended complaint was filed to comply with a court order, *see* Dkt. Nos. 6 & 9, and because, thereafter, rather than amend as a matter of course, Plaintiffs moved for leave to amend – a motion that the Court ordered Plaintiffs to supplement but never granted, *see* Dkt. Nos. 16-20; *see also* Dkt. No. 22 at 2 ("[B]ecause the motion to dismiss addresses deficiencies in Plaintiffs' claims that seem apparent based on the proposed amendments, the Court will require Plaintiffs to respond to Kessler's motion before it will consider the proposed amendments to the complaint. Kessler may address Plaintiffs' proposed amendments in its reply brief. And the Court pre-emptively grants Plaintiffs leave to file a surreply so that they may respond to Kessler's arguments related to the proposed amendments made on reply but not raise new arguments." (cleaned up)).

The Court should therefore deny Kessler's motion to strike the June 17 amended complaint [Dkt. No. 28] but should apply the pleading standards set out above to that filing, to determine whether Plaintiffs have alleged a plausible cause of

action. *Cf. Holmes v. Nat'l Football League*, 939 F. Supp. 517, 522 n.7 (N.D. Tex. 1996) ("Although Holmes' amended complaint supersedes his original complaint, the court may nevertheless treat defendants' motion as directed to the amended complaint because the defects in Holmes' complaint reappear in the amended complaint. Moreover, Holmes neither contends that the court should require that defendants move for dismissal anew, nor that he will suffer prejudice from the use of this procedure." (citation omitted)).

Through the operative complaint, the amended pleading filed on June 17, 2024, Plaintiffs allege that they were discriminated against (under Title VII, Section 1981, and the FHA) because a manager fired black employees for stealing Amazon packages and then fired a white employee for doing the same, after reviewing video footage that verified that the white employee "was on camera partaking with the others." Dkt. No. 26-2 at 1-2 (Glen Marion aff.) ("I arrived at work and was told I needed to help change the locks. A while later I was called into the office and Brandi told me that George, James, Jasmine, and Shae had been fired for taking Amazon packages. She asked if I had taken any, I said no. She told me they were 'proud of me' and gave me a pat on the back. It was very uncomfortable being the only one given the benefit of the doubt. After I returned from my lunch break, I was called back into the office. Brandi said 'they had reviewed the security footage and I was on camera partaking with the others. I tried to explain that Shae the manager had instructed us to open Amazon packages that were unclaimed and to throw them away or keep them. I kept baby wipes for my newborn son. I was then fired.").

And, so, no allegations reflect that an adverse action was taken against a plaintiff because of his or her race, color, or other protected status, as all employees, regardless of their race, were fired for allegedly stealing packages where Plaintiffs allege that, once the manager reviewed video footage reflecting Marion's participation, he too was fired. *Cf. Chapman v. ADT LLC*, No. 3:22-cv-2188-D-BN, 2023 WL 995345, at *9 (N.D. Tex. Dec. 28, 2023) ("As multiple courts have observed since *Comcast*, a plaintiff's failure to plead a plausible Title VII claim requires dismissal of the related Section 1981 claim." (citation omitted)), *rec. adopted*, 2024 WL 920074 (N.D. Tex. Mar. 4, 2024).

These pleading deficiencies further show that Plaintiffs cannot prevail on a motion for summary judgment in their favor, which requires that they "establish beyond peradventure all of the essential elements of [each claim]." *Hughes v. Dillard, Inc.*, No. 3:09-cv-218-D, 2009 WL 4279414, at *3 (N.D. Tex. Nov. 30, 2009) (cleaned up; quoting *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (quoting, in turn, 780 F.2d at 1194)).

The Court should therefore grant Kessler's motion to dismiss [Dkt. No. 21], deny Plaintiffs' motion for summary judgment [Dkt. No. 22], and deny as moot Kessler's motion to strike the motion for summary judgment [Dkt. No. 30].

And the Court should now dismiss this lawsuit with prejudice because Plaintiffs filed an amended complaint in response to Kessler's motion to dismiss, which informed Plaintiffs of the insufficiency of their claims, and, so, Plaintiffs have now pleaded their best case and shown that further leave to amend would be futile.

*See, e.g., Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) ("Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. Rule 15(a) provides that leave to amend shall be freely given when justice so requires. The language of this rule evinces a bias in favor of granting leave to amend. Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case. A plaintiff has pleaded her best case after she is apprised of the insufficiency of her complaint. A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court. Similarly, a district court need not grant a futile motion to amend." (cleaned up)).

**Recommendation**

The Court should deny the motion to strike the June 17, 2024 amended complaint [Dkt. No. 28], grant the motion to dismiss [Dkt. No. 21], deny the motion for summary judgment [Dkt. No. 27], deny as moot the motion to strike the summary judgment motion [Dkt. No. 30] and Plaintiffs' May 19, 2024 motion to amend [Dkt. No. 16] and enter judgment dismissing this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 16, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE